# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| Melissa Elliott<br><br>    Plaintiff,<br><br>v.<br><br>National Enterprise Systems, Inc.<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Melissa Elliott, ("Melissa"), is a natural person who resided in Appleton, Wisconsin, at all times relevant to this action.

2. Defendant, National Enterprise Systems, Inc., ("NES"), is an Ohio Corporation that maintained its principal place of business in Solon, Ohio, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, NES collected consumer debts.

6. NES regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of NES's revenue is debt collection.

8. NES is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, NES contacted Melissa to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Melissa is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around July 2013, NES telephoned Melissa at Melissa's place of employment in connection with the collection of the debt.

13. During this communication, Melissa notified NES that Melissa's employer prohibits such communications at Melissa's place of employment.

14. In addition, Melissa requested NES contact Melissa only on Melissa's cellular phone.

15. Despite this notice, NES telephoned Melissa at Melissa's place of employment in connection with the collection of the debt on numerous occasions throughout 2013.

16. During at least one of these communications, Melissa again notified NES that Melissa's employer prohibits such communications at Melissa's place of employment.

17. On at least one occasion, NES telephoned Melissa's place of employment in connection with the collection of the debt and spoke to a co-worker, ("Co-worker).

18. During this communication, NES disclosed to Co-worker that Melissa owed the debt.

19. On at least one occasion, NES telephoned Melissa's place of employment in connection with the collection of the debt and spoke to Melissa's boss, ("Boss").

20. During this communication, NES disclosed to Boss that Melissa owed the debt.

21. The disclosure of Melissa's debt to Co-workers and Boss embarrassed Melissa.

22. Melissa feared she would lose her job because of the calls from NES.

23. On at least one occasion, NES threatened to garnish Melissa's wages.

24. NES has not garnished Melissa's wages.

25. NES never intended to garnish Melissa's wages.

26. NES caused Melissa emotional distress.

27. NES attempted to collect a debt from Melissa.

28. NES violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

39. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

40. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: July 14, 2014

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip   OH 0079315
Attorney for Plaintiff
Hyslip & Taylor, LLC, LPA
917 W. 18th Street, Suite 200
Chicago, IL  60608
Phone: 312-380-6110
Fax:  312-361-3509
Email: jeffrey@lifetimedebtsolutions.com